HARVEY KENDRICK,
    PLAINTIFF,

V.

JOHN E. POTTER,
    in his official capacity
    as postmaster General,
    Defendant.

Civil Action No. 06-122 (GK)

    In response to the order Regarding the matter of service in a timely manner, I no longer could afford my legal representation. My last action by my attorney was to file the complaint, therefor the paperwork was sent back to her office. Due to my homelessness and other circumstances, I had no permanent address at that time. The service paperwork was sent to the last address I had given my attorney, but I no longer resided there.

    With the paperwork being returned, then us making contact afterwards, the paperwork was received by me at my new address after the deadline was expired.

    Also, communication was difficult as a result of me not having a place and phone at that time.

    I do now have a fixed address and a phone to communicate with my attorney. I feel that I am in a better position to

RECEIVED
JUL 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

help move this case forward.
   I thank you for considering my situation and my case.

                            Respectfully,

                            Harvey Kendrick, Jr.

help move this case forward.

When I received the last order regarding the serving of the defendant, I was confused as to whether to serve them at that time, or to answer the order first. I have now served the parties through certified mail, and ask for time now to receive an acknowledgement of service receipt.

Respectfully

Harvey Kendrick, Jr.

*[signature]*

7/17/06

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARVEY KENDRICK,<br>    Plaintiff,<br><br>v.<br><br>JOHN E. POTTER,<br>    in his official capacity<br>    as Postmaster General,<br>        Defendant. | )<br>)<br>)<br>)  Civil Action No.<br>)  06-122 (GK)<br>)<br>)<br>)<br>) |

## O R D E R

On January 23, 2006, Plaintiff filed this action pro se, alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. §§ 705 et seq.. See Compl. ¶¶ 1-2. To date, Plaintiff has failed to effect service of process on Defendant or to otherwise move the above-captioned case forward. When, as here,

> service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Accordingly, it is hereby

**ORDERED** that Plaintiff show cause no later than **July 17, 2006**, why the Complaint should not be dismissed for failure to prosecute. If Plaintiff fails to respond on or before that date, the Complaint

will be dismissed without prejudice.

June 14, 2006
Date

Gladys Kessler
United States District Judge

Copies to: attorneys on record via ECF and

HARVEY KENDRICK
2301 Penbrook Circle
Landover, MD 20785