```
                     UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA

HARVEY KENDRICK,                    )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )   Civil Action No. 06-0122 GK
                                    )
JOHN E. POTTER,                     )
  Postmaster General,               )
                                    )
     Defendant.                     )
_____)
```

### DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Defendant respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(1) and (3), to dismiss the Complaint in light of the lack of proper venue in this district for any viable employment discrimination claims in this action.  Alternatively, the Court should transfer this action to the District of Maryland, pursuant to 28 U.S.C. § 1404(a) and/or 28 U.S.C. § 1406(a).  In support of this motion, the Court is respectfully referred to the

accompanying memorandum of points and authorities.  A proposed Order consistent with this motion is attached hereto.

                    Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

HARVEY KENDRICK,                     )
                                     )
     Plaintiff,                      )
                                     )
     v.                              )   Civil Action No. 06-0122 GK
                                     )
JOHN E. POTTER,                      )
   Postmaster General,               )
                                     )
     Defendant.                      )
_____)
```

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Defendant, John E. Potter, Postmaster General, files this memorandum of law in support of Defendant's Motion To Dismiss Or, In The Alternative, To Transfer, on the basis that venue is improper in the District of Columbia and transfer is appropriate for the convenience of parties and witnesses.

INTRODUCTION

This action has been brought by Plaintiff, a resident of the state of Maryland, against the Postmaster General alleging that Plaintiff has suffered employment discrimination while employed at the United States Postal Service in Hyattsville, Maryland. See January 23, 2006 Complaint at 1-3, ¶¶ 9, 11.  Plaintiff alleges that his "personnel records" are maintained in Washington, DC, and that because the Postal Service's Headquarters is located in the District of Columbia that this Court is the proper venue. See Complaint, ¶ 8.  However, Plaintiff also alleges that the discriminatory events took place

in late 2004 and thereafter, while he was employed in Hyattsville, Maryland. See Complaint, ¶¶ 11-12, 17-26. Plaintiff claims that, on February 10, 2005, he received a Notice of Removal because of his absences. See Complaint, ¶ 26. Plaintiff worked in Maryland, and all of the actions alleged to constitute unlawful employment practices referenced by Mr. Kendrick in his Complaint occurred at the Postal Service's facility in Maryland. See Complaint, ¶¶ 11-12, 17-26; Declaration of William Katz ("Katz' Decl."), ¶¶ 2-5. In short, venue over Plaintiff's claims of discrimination is lacking in this district. Because discovery on this issue and all others in the case would involve witnesses who, as was true with Plaintiff, are employed in Hyattsville, Maryland, and because the relevant records were maintained and administered in Maryland, venue over the claims is clearly proper in Maryland, and this Court should, dismiss or, if not, transfer the action to the District of Maryland.

### ARGUMENT

Generally speaking, venue must be established for each cause of action. Lamont v. Haig, 590 F.2d 1124, 1135 (D.C. Cir. 1978); Hayes v. RCA Service Co., 546 F. Supp. 661, 664 (D.D.C. 1982). Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., creates a limited waiver of the government's sovereign immunity from suit and stands as a bar to jurisdiction by any federal

district court that does not meet its venue provision. <u>Archuleta</u> v. <u>Sullivan</u>, 725 F.Supp. 602, 603-04 (D.D.C. 1989). Federal Rule of Civil Procedure 12(b)(3) provides for dismissal of a case if venue is improper. Fed. R. Civ. P. 12(b)(3). Still, it is within the discretion of the Court to transfer an action where venue is only properly found elsewhere, <u>see</u> 28 U.S.C. § 1406, or where venue may be had in both fora, but transfer would be convenient for the parties and witnesses. 28 U.S.C. § 1404(a). In considering a Rule 12(b)(3) motion, a court will accept the plaintiff's well-pled factual allegations regarding venue as true, draw all reasonable inferences from those allegations in the plaintiff's favor, and resolve any factual conflicts in the plaintiff's favor. <u>Darby</u> v. <u>U.S. Dept. of Energy</u>, 231 F.Supp.2d 274, 277 (D.D.C. 2002); <u>2215 Fifth St. Assocs.</u> v. <u>U-Haul Int'l, Inc.</u>, 148 F. Supp. 2d 50, 54 (D.D.C. 2001). The Court, however, need not accept the plaintiff's legal conclusions as true. <u>2215 Fifth St. Assocs.</u>, 148 F. Supp. 2d at 54.

Title VII includes a specific venue provision, 42 U.S.C. § 2000e-5(f)(3), which is the only venue provision relied upon by Plaintiff. Complaint, ¶ 8. It provides that Title VII claims:

> may be brought in any judicial district in the State in
> which the unlawful employment practice is alleged to
> have been committed, in the judicial district in which
> the employment records relevant to such practice are
> maintained and administered, or in the judicial
> district in which the aggrieved person would have
> worked but for the alleged unlawful employment
> practice, but if the respondent is not found within any

such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).  In short, venue is thus proper: (1) where the unlawful act is alleged to have been committed; (2) where the plaintiff would have worked but for the unlawful act; (3) where employment records related to the proscribed conduct are maintained and administered; or (4) where the employer has its principal office (but only if the defendant cannot be brought before the court in any of the three preceding districts).[1]  The D.C. Circuit has held that, with respect to Title VII actions, it was "the intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination. . . ." Stebbins v. State Farm Mutual Ins. Co., 413 F.2d 1100, 1103 (D.C. Cir.), cert. denied, 369 U.S. 895 (1969).

In the instant case, the judicial district with the

---

[1] The remedial and procedural provisions of Title VII are incorporated in the Rehabilitation Act. 29 U.S.C. § 794(a). Venue for claims under the Rehabilitation Act is therefore governed by 42 U.S.C. § 2000e-5(f)(3).  See Robinson v. Potter, Civil Action No. 04-0890 RMU, 2005 WL 1151429 at *2-*5 (D.D.C. May 16, 2005); Archuleta v. Sullivan, 725 F. Supp. 602, 603-04 (D.D.C. 1989); Sconion v. Thomas, 603 F. Supp. 66, 67 (D.D.C. 1984); see also Benton v. England, 222 F. Supp. 2d 728, 731 (D. Md. 2002); Lengacher v. Reno, 75 F. Supp. 2d 515, 517 (E.D. Va. 1999).  Therefore, Plaintiff's disability claim is controlled by the same venue provision as his Title VII claims and the sole statute upon which he relies in support of venue.  See Complaint, ¶¶ 7-8.

strongest connection to the alleged discrimination is the District of Maryland, not the District of Columbia.  Only in the District of Maryland is venue available for all of the claims alleged in the Complaint.  Plaintiff agrees that the alleged unlawful employment actions occurred in Hyattsville, Maryland.  See Complaint, ¶¶ 11-12, 17-26.  Moreover, even if some records are, or were, available in the District of Columbia, this does not establish that Plaintiff's relevant employment records are "maintained and administered" here.  See Washington v. General Elec. Corp., 686 F.Supp. 361, 363 (D.D.C. 1988) (holding that venue based on records only lies where the master set of employment records is maintained and administered, not anywhere records can be found).  However, Plaintiff simply alleges that his "personnel records" are maintained in Washington, DC, and this allegation is without merit.  See Declarations of Linda Childs ("Childs's Decl.") and Katz' Decl.  In deciding a 28 U.S.C. § 1404(a) motion, the location of documents is a relatively minor factor given today's era of photocopying, faxing, scanning, and express mail, which allows documents to be easily sent to any forum. Payne v. Giant of Maryland, L.L.C., Civil Action No. 05-897 GK, 2006 WL 1793303, *5 n.4 (D.D.C. June 28, 2006).

   Because Plaintiff's claims derive from issues surrounding his job performance and removal that occurred in Hyattsville,

Maryland, the relevant employment records for purposes of venue are those that are or were contained in the personnel files devoted to those issues.  Defendant asserts that Plaintiff's relevant personnel files have been maintained in the Calvert Maryland Facility, in Hyattsville, Maryland during the relevant time period.  <u>See</u> Katz' Decl., ¶¶ 2-3; Childs Decl., ¶¶ 2-4.[2]  In support of this assertion, Defendant has submitted the sworn declaration of William Katz, a former supervisor.  This declaration defeats any contrary claim that all relevant employment records are maintained in Washington, DC.  <u>See</u> <u>Ridgely</u> v. <u>Chao</u>, Civil Action No. 05-1033 GK, 2006 WL 626919 *3 (D.D.C. March 13, 2006) (<u>citing</u> <u>James</u> v. <u>Booz-Allen & Hamilton</u>, 227 F. Supp. 2d 16, 23 (D.D.C. 2002) (crediting defendant's affidavit stating where plaintiff's personnel records were located and maintained over plaintiff's bare assertions to the contrary)).

   The only record in the District of Columbia was the Official Personnel Folder ("OPF") of the Plaintiff, which was only here temporarily after the Plaintiff was terminated and before being archived in St. Louis, Missouri.  <u>See</u> Child's Decl., ¶ 3. Plaintiff's time and attendance records are now located in a database housed in Eagan, Minnesota but accessible from Maryland.

---

   [2] Although certain documents, namely those placed in Plaintiff's Official Personnel File, briefly passed through the District of Columbia on their way to storage in Missouri, <u>see</u> Childs Decl., ¶ 3, this does not mean that they were administered here for purposes of 42 U.S.C. § 200e-5(f)(3).

-6-

See Child's Decl., ¶ 4.

Nor is venue proper in the District of Columbia under the fourth prong of the Title VII venue provision, i.e., where the principal office of Defendant is located.  Plaintiff has claimed that venue in this district is proper since the Defendant, U.S. Postal Service, has its headquarters in the District of Columbia. See Complaint, ¶ 8.  The courts have held that controversies should be resolved in the locale where they arise. Kafack v. Primerica Life Ins. Co., 934 F.Supp. 3, 9 (D.D.C. 1996).

In this case, Plaintiff's "controversy" arose in Maryland. See Complaint, ¶ 11.  Even though the defendant government agency's "principal office" is located in this jurisdiction, the "principal office" is not dispositive of the venue for the litigation, because to reach this conclusion "would mean that all employment discrimination suits against the government would have to be brought in this Court merely because the headquarters of most government agencies are here.  As the language of the statute makes plain, that is not what Congress intended." Amirmokri v. Abraham, 217 F. Supp. 2d 88, 90 (D.D.C. 2002) (citations omitted).

It is clear from the language of Section 2000e-5(f)(3) that venue lies where the principal office of defendant is located "only where the putative employer cannot be brought before the court in one of those districts [to which the first three prongs

would apply] may the action be filed in the judicial district in which he has 'his principal office'." Stebbins, 413 F.2d at 1103; Donnell v. National Guard Bureau, 568 F. Supp. 93, 95 (D.D.C. 1983). In the present case, the Postal Service can be brought before the court in Maryland. That is the judicial district in which, under the venue provision of Title VII, this action should have been brought.

Courts determine venue by applying a "commonsense appraisal" of events having operative significance. Lamont v. Haig, 590 F.2d 1124, 1134 (D.C. Cir. 1978); Donnell, 568 F. Supp. at 94. Specifically, venue cannot lie in the District of Columbia when "a substantial part, if not all, of the employment practices challenged in this action" took place outside the District even when actions taken in the District "may have had an impact on the plaintiff's situation." Donnell, 568 F. Supp. at 94. Thus, under the clear language of the statute, a Title VII action may be brought in one of three judicial districts - where the unlawful employment practice occurred; where the relevant employment records are located; or where the plaintiff would have worked but for the challenged employment practice. James v. England, 332 F. Supp. 2d 239, 250-51 (D.D.C. 2004). Only if the employer is not found within one of those districts, may the action be brought in the judicial district where the employer has its principal office. 42 U.S.C. 2000e-5(f)(3). Thus, the application of this

statute is generally straight forward.  See Lee v. England, Civil Action No. 02-2521 JR, 2004 WL 764441 *1 (D.D.C. March 9, 2004) (noting that venue was proper in Maryland when the "plaintiff's duty station [was] Bethesda, Maryland; all of his work assignments [were] made there; and everything having to do with [the] plaintiff's present EEO complaint, except for clerical functions such as docketing, [was] handled in Bethesda."); Elezovic v. England, Civil Action No. 03-0131 JDB, 2003 WL 22383583 at *1-*2, (D.D.C. Oct. 20, 2003) (same).

Because Maryland is where all of the alleged employment actions occurred and where the relevant employment records are maintained, venue for Plaintiff's Title VII claims is proper in the District of Maryland.  Robinson v. Potter, Civil Action No. 04-0890 RMU, 2005 WL 1151429 at *2-*5 (D.D.C. May 16, 2005).  To hold otherwise would undercut the clear "intent of Congress to limit venue to the judicial district concerned with the alleged discrimination. . . ." Stebbins v. State Farm Mutual Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969); Ridgely, 2006 WL 626919 at *3.  Thus, in this case, because Maryland is the location of the alleged employment discrimination, where some of the relevant employment records are maintained, and the situs of the plaintiff's position that is the subject of the employment discrimination claims, this Court should dismiss or, if not, transfer the case to the United States District Court for the

District of Maryland.  See Ramirez v. England, Civil Action No. 02-742 RBW, 2002 WL 32137121 (D.D.C. Dec. 6, 2002).

Simply stated, the District of Columbia has no significant connection to the events alleged in the Complaint nor are the relevant records maintained and administered here.[3]  Those records were maintained in Maryland.  See Katz' Decl., ¶¶ 3-4, Childs Del., ¶¶ 2-4.  Thus, the events that relate to the allegations in the Complaint took place in Maryland and the pertinent records are in Maryland.  See Complaint, ¶¶ 11-12, 17-26.  Applying a "commonsense appraisal of events having operative significance in the case" leads to the conclusion that venue is not proper in the District of Columbia.  Donnell, 568 F. Supp. at 94.  Therefore, Plaintiff has not sufficiently established that he meets the venue conditions stated in 42 U.S.C § 2000e-5(f)(3), and therefore venue is improper in the District of Columbia for his claims.[4]  Even were the Court to determine

---

[3] The Plaintiff and Mr. William Katz (Plaintiff's former supervisor), are in Maryland.  Complaint, ¶ 9; Katz Decl. ¶¶ 1-2, 4.

[4] Plaintiff has also raised a claim under the Family and Medical Leave Act, ("FMLA"), which does not have its own venue provision.  Although Plaintiff does not rely on any venue provision other than that found in Title VII, see Complaint, ¶ 8, even were the Court to apply the general venue provision found at 28 U.S.C. § 1391(e), proper venue would be in Maryland and not here.  The Courts do not countenance splitting a complaint where venue would properly lie in another jurisdiction over all claims, and clearly the FMLA and Title VII claims could proceed in Maryland under each of the applicable venue provisions.  See Jyachosky v. Winter, Civil Action No. 04-01733 HHK, 2006 WL

that venue were proper here, the matter should be transferred to the district where the witnesses and plaintiff are located. 28 U.S.C. § 1404(a). Accordingly, this case should be dismissed for lack of venue or alternatively, transferred to the District of Maryland.

---

1805607, *1 -*6 (D.D.C. June 29, 2006) (citing Saran v. Harvey, Civil Action No. 04-1847 JDB, 2005 WL 1106347, at *4 (D.D.C. May 9, 2005) ("When venue is improper for a Title VII claim, courts have consistently transferred the entire case, pursuant to 28 U.S.C. § 1406(a), to a judicial district where venue is appropriate for all claims, rather than split a case apart.")).

CONCLUSION

For the reasons set forth above, this case should be dismissed or, alternatively, transferred to the District of Maryland.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Motion To Dismiss Or, In The Alternative, To Transfer, supporting memorandum and a proposed Order has been made by mailing copies thereof to:

HARVEY KENDRICK
2301 Penbrook Circle
Landover, MD  20785


on the 24th day of October, 2006.

```
                              _____
                              W. MARK NEBEKER, DC Bar #396739
                              Assistant United States Attorney
                              Civil Division
                              555 4th Street, N.W.
                              Washington, DC  20530
                              (202) 514-7230
```