```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

HARVEY KENDRICK,                    )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )   Civil Action No. 06-0122 GK
                                    )
JOHN E. POTTER,                     )
   Postmaster General,              )
                                    )
     Defendant.                     )
_____)
```

REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Defendant has moved, pursuant to Fed. R. Civ. P. 12(b)(1) and (3), to dismiss the Complaint in light of the lack of proper venue in this district and, alternatively, to transfer this action to the District of Maryland, pursuant to 28 U.S.C. § 1404(a) and/or 28 U.S.C. § 1406(a).  Plaintiff has failed to overcome the reasons set forth by Defendant for relief under Rule 12.

Title VII includes a specific venue provision, 42 U.S.C. § 2000e-5(f)(3), which is the only venue provision relied upon by Plaintiff.  Complaint, ¶ 8.  In short, venue is proper: (1) where the unlawful act is alleged to have been committed; (2) where the plaintiff would have worked but for the unlawful act; (3) where employment records related to the proscribed conduct are maintained and administered; or (4) where the employer has its principal office (but only if the defendant cannot be brought before the court in any of the three preceding districts).  See

42 U.S.C. § 2000e-5(f)(3).

Plaintiff attempts to claim proper venue here, because, as he asserts without any properly supported proof, "to [Plaintiff's] understanding," his file is "at the OPM [Office of Personnel Management] office in holding for disability from the post office. . ." See Plaintiff's Response at 1. Defendant, however, has properly supported the factual assertions on which he has relied. See Declaration of William Katz; Declarations of Linda Childs. And the fact that Plaintiff's understanding is that his records are "in holding" by OPM does not satisfy the statute's requirements that the records be both "the employment records relevant to such [unlawful employment] practice" and that they be "maintained and administered" here. See 42 U.S.C. § 2000e-5(f)(3) (emphasis added); See Washington v. General Elec. Corp., 686 F.Supp. 361, 363 (D.D.C. 1988) (holding that venue based on records only lies where the master set of employment records is maintained and administered, not anywhere records can be found). Plaintiff has failed to proffer admissible evidence, or even any evidence that he is competent to attest to where his records are located. He has failed to establish that any records here are actually those relevant to his asserted unlawful employment practice. And, Plaintiff has failed to establish that any records located here are "maintained and administered" here, as that term is used in Title VII's venue provision. Instead, he

has stated, at best, only that they are to his understanding "in holding" here.[1]

Plaintiff also appears to argue that his true residence is not that appearing on the Complaint.  See Plaintiff's Response at 2.  His residence, however, is not pertinent to the venue provision at issue.  See  42 U.S.C. § 2000e-5(f)(3).  In any event, his address, as reflected on the Complaint, "[u]nless changed by notice filed with the Clerk,. . . shall be conclusively taken as the last known address . . . of the party. . ."  Local Civ. R. 5.1(e)(1).  Regardless, it is apparently sufficiently convenient for Plaintiff to travel to Maryland to secure his mail, that requiring him to travel there for the occasional court hearing would not work any undue burden on him, while satisfying the convenience of the other witnesses in the matter.  28 U.S.C. § 1404(a).[2]

---

[1] As previously noted, in deciding a 28 U.S.C. § 1404(a) motion, the location of documents is a relatively minor factor given today's era of photocopying, faxing, scanning, and express mail, which allows documents to be easily sent to any forum. Payne v. Giant of Maryland, L.L.C., Civil Action No. 05-897 GK, 2006 WL 1793303, *5 n.4 (D.D.C. June 28, 2006).

[2] Transfer of Plaintiff's claims would be one method to avoid the concern expressed by Plaintiff, that upon dismissal he could not afford to pay the costs of refiling the action in Maryland.  Plaintiff's Response at 1.  Another method to avoid such costs would be for Plaintiff to satisfy the Maryland Court of his inability to pay the costs in advance.  See 28 U.S.C. § 1915.  Similarly, Plaintiff's effort to seek appointment of counsel, see Plaintiff's Response at 2, should be addressed by the Court in Maryland, where the Court would be better able to locate counsel familiar with the case law in that district.

It was "the intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination. . . ." <u>Stebbins</u> v. <u>State Farm Mutual Ins. Co.</u>, 413 F.2d 1100, 1103 (D.C. Cir. 1969).  That venue is Maryland.  Wherefore, this action should be dismissed or, alternatively, transferred.

                        Respectfully submitted,

                        _____
                        JEFFREY A. TAYLOR, DC Bar #498610
                        United States Attorney

                        _____
                        RUDOLPH CONTRERAS, DC Bar #434122
                        Assistant United States Attorney

                        _____
                        W. MARK NEBEKER, DC Bar #396739
                        Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply To Plaintiff's Response To Defendant's Motion To Dismiss Or, In The Alternative, To Transfer, supporting memorandum and a proposed Order has been made by mailing copies thereof to:

HARVEY KENDRICK
2301 Penbrook Circle
Landover, MD  20785

on the 13th day of November, 2006.

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230