UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARVEY KENDRICK )<br><br>         Plaintiff,    )<br><br>     v.              )<br><br>JOHN E. POTTER,        )<br>POSTMASTER GENERAL     )<br>U.S. POSTAL SERVICE    )<br><br>         Defendant.    )<br> | Civil Action No. 06-122 (GK) |

<u>**MEMORANDUM OPINION**</u>

Plaintiff Harvey Kendrick brings this action <u>pro</u> <u>se</u> against Defendant John E. Potter, Postmaster General of the United States Postal Service ("USPS"), alleging discrimination and retaliation in employment. This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, to Transfer [Dkt. No. 11]. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Defendant's Motion is **granted.**

I.   BACKGROUND[1]

Plaintiff is an African-American male who was employed as a Laborer/Custodian by USPS at the Calvert Delivery and Distribution Center ("Calvert DDC") in Hyattsville, Maryland from February 2004

---

[1] The Court may consider materials outside the pleadings to resolve a motion to dismiss based on improper venue. <u>Artis v. Greenspan</u>, 223 F. Supp. 2d 149, 152 (D.D.C. 2002).

to March 2005.[2]  In January 2004, he was diagnosed with bilateral Carpal Tunnel Syndrome, Cervical Radiculopathy, tendonitis, and arthritis.  Plaintiff's manager at the Calvert DDC became aware of Plaintiff's disabilities and limitations when Plaintiff began receiving worker's compensation in February 2004.

Plaintiff alleges that he returned to work at the Calvert DDC in April 2004 but was not given less strenuous duty, as his disabilities required.  He applied for leave under the Family and Medical Leave Act in November 2004, and had received no response as of the time of he filed this Complaint on January 23, 2006.

At the end of November 2004, Plaintiff's doctor advised Plaintiff to discontinue working in his position because his condition had worsened.  Plaintiff informed his supervisor of his inability to work and submitted to him medical documentation of his disabilities and need for leave.  While out from work, Plaintiff received a Notice of Proposed Removal dated February 10, 2005, which stated that USPS was proposing Plaintiff's removal because he had not provided appropriate documentation for his absence.  Plaintiff provided documentation later in February 2005 but was told by his manager that he had provided it too late.  USPS terminated Plaintiff's employment on March 11, 2005 for being

---

[2] A declaration of a USPS Human Resources officer submitted by Defendant, in contrast, indicates that Plaintiff was employed by USPS until November 9, 2005.  Def.'s Mot., Decl. Linda Childs ("Childs Decl.") ¶ 2.

absent without leave.

Plaintiff alleges that as a result of the foregoing events, he was discriminated and retaliated against during his employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 705 et seq.; Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.; and regulations promulgated thereunder, 29 C.F.R. §§ 825.100 et seq. Specifically, Plaintiff alleges that USPS failed to reasonably accommodate for his disability, terminated him due to his actual disability, denied him leave to which he was qualified under FMLA, and failed to provide him job security as required by the FMLA. Plaintiff further alleges that USPS retaliated against him for exercising his rights and engaging in protected activity and that USPS discriminated against him on the basis of his race. He alleges proper venue based on the location of USPS's headquarters in the District of Columbia, and because his "personnel records are maintained at the Postal Service's Brentwood facility in Washington, D.C." Compl. ¶ 8.

Defendant has filed a Motion to Dismiss or, in the Alternative, to Transfer on the ground that venue is not proper in the District of Columbia. He contends that the District of Columbia has no connection to the events alleged in the Complaint, all of which occurred in the District of Maryland.

-3-

**II.  Venue Is Not Proper in the District of Columbia for Plaintiff's Title VII and Rehabilitation Act Claims**

Venue for Title VII actions is limited by the 42 U.S.C. § 2000e-5(f)(3) venue provision, which states that:

> an action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C.S. § 2000e-5(f)(3) (2007) ("§ 2000e-5(f)(3)"). <u>See</u> <u>Stebbins v. State Farm Mutual Auto. Ins. Co.</u>, 413 F.2d 1100, 1102 (D.C. Cir. 1969); <u>Ridgley v. Chao</u>, No. 05-1033, 2006 U.S. Dist. LEXIS 13021, at *4 (D.D.C. March 13, 2006). Venue for actions under the Rehabilitation Act are also governed by 42 U.S.C. § 2000e-5(f)(3). <u>Robinson v. Potter</u>, No. 04-0890, 2005 U.S. Dist. LEXIS 9491, at *6 (D.D.C. May 2, 2005).

Defendant argues that the case should be dismissed or, alternatively, transferred to the District of Maryland because venue is improper in the District of Columbia. He argues that all of the allegedly unlawful employment practices in Plaintiff's Complaint occurred in Maryland, and that the relevant employment records were maintained and administered in Hyattsville, Maryland. Defendant further argues that the location of USPS's principal office determines venue only if the action cannot be brought under

-4-

any of the other bases for venue listed in § 2000e-5(f)(3).

Plaintiff asserts in his Opposition that the District of Columbia is the proper venue for this case because his records are located at the Office of Personnel Management ("OPM") in Washington, D.C.[3]  He does not dispute, nor can he dispute, Defendant's arguments that none of § 2000e-5(f)(3)'s other bases establish venue in this district.

Venue under the first basis lies where a "substantial part" of the decisions or actions related to the practice occurred.  Wedge v. Potter, No. 06-0422, 2006 U.S. Dist. LEXIS 80065, at *5 (D.D.C. Nov. 1, 2006)(citing Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983)).  Plaintiff does not dispute—indeed, his own Complaint alleges—that the unlawful employment practices alleged in this case occurred while he was employed at the Calvert DDC in Hyattsville, MD.  Compl. ¶ 11-12.  He was employed there when he was diagnosed, when he applied for leave, and when he was removed from his position.  He alleges that his supervisor at the Calvert DDC failed to accommodate his disability, retaliated against him, and discriminated against him based on his race.  He does not

---

[3] Plaintiff's Opposition states, "I would further state that to my understanding my records are in D.C. at this time at the OPM office in holding for disability from post office which can be verified by Mrs. Jordan off [sic] Retirement and Disability Dept." Pl.'s Opp'n at 1.  In contrast, the Complaint alleges that "Plaintiff's personnel records are maintained at the Postal Service's Brentwood facility in Washington, D.C."  Compl. ¶ 8. Plaintiff provides no explanation for this inconsistency.

allege that any unlawful employment practices occurred in the District of Columbia.

Nor does the third basis for venue, where Plaintiff would have been employed had the alleged practices not occurred, establish venue in the District of Columbia.   Plaintiff has provided neither allegations nor evidence that he would have been transferred from Maryland to the District of Columbia.   See Al-Beshrawi v. United States, No. 04-0743, 2005 U.S. Dist. LEXIS 35410, at *7 (D.D.C. Aug. 3, 2005)(finding that venue was improper in the District of Columbia under the third § 2000e-5(f)(3) basis because Plaintiff presented no "convincing evidence" that he made requests for transfer to Washington, D.C. from Virginia).   Venue under this basis lies only in the District of Maryland.

As Defendant correctly points out, courts consider the fourth basis for venue, i.e. the location of the defendant's "principal office," only when the defendant cannot be found within any of the districts provided for by the first three bases.   42 U.S.C.S. § 2000e-5(f)(3); see Stebbins, 413 F.2d at 1102-03 ("Only where the putative employer cannot be brought before the court in one of those districts may the action be filed in the judicial district in which he has his 'principal office.'").   In this case, as discussed supra, the District of Maryland is a proper venue under at least two of the other § 2000e-5(f)(3) bases.   Defendant can be found in that district at the USPS's Hyattsville, Maryland facility where

Plaintiff was previously employed.  Accordingly, the fourth prong of § 2000e-5(f)(3) does not provide a basis for venue in this case.

Plaintiff relies entirely upon the second of § 2000e-5(f)(3)'s venue bases to establish venue in the District of Columbia. However, venue on that basis lies where the complete master set of Plaintiff's relevant employment records are maintained and administered, not merely where any records happen to be located. See Jyachosky v. Winter, No. 05-02251, 2006 U.S. Dist. LEXIS 44399, at *8 (D.D.C. June 29, 2006) (citing Washington v. General Electric Corp. 686 F. Supp. 361, 363 (D.D.C. 1988)).  Declarations of human resource officers and employers are sufficient to establish where the employment records are maintained and administered.   See Ridgley, 2006 U.S. Dist. LEXIS 13021, at *7 (sworn affidavit that relevant employment records are maintained in Arlington, Virginia is controlling despite plaintiff's contrary assertion that they are maintained in Washington, D.C.); James v. Booz-Allen & Hamilton, Inc., 227 F. Supp. 2d 16, 23 (D.D.C. 2002); 28 U.S.C. § 1746 (2007) (unsworn declaration under penalty of perjury has the same effect as affidavit).

In this case, declarations by Plaintiff's manager and a USPS Human Resources officer state that employment files relevant to Plaintiff's Complaint were housed in Hyattsville, Maryland at the time of the events alleged in this case.  See Def.'s Mot., Decl. William Katz ¶ 3 ("Katz Decl."); Childs Decl. ¶ 3 ("Childs Decl.").

Plaintiff's "supervisory, grievance, and discipline files" were also stored in Hyattsville, Maryland.    Katz Decl. ¶ 4.    His personnel file was transferred to Washington, D.C. in January 2006 and was subsequently archived at the National Records Center in St. Louis, Missouri.    Childs Decl. ¶ 3.    His medical records remain in Capitol Heights, Maryland.    Id.    None of his records are presently maintained in the District of Columbia.    Id. at ¶ 4.    Defendant's declarations regarding the location of Plaintiff's records "defeat Plaintiff's contrary assertion that the relevant employment records are maintained in Washington, D.C."[4]    Ridgley, 2006 U.S. Dist. LEXIS 12021, at *7.

There is conflicting authority in this jurisdiction as to whether venue lies where records were maintained and administered at the time the alleged events occurred or where records are presently maintained and administered.    See Jyachosky, 2006 U.S. Dist. LEXIS 44399, at *9 n.2 (42 U.S.C. § 2000e-5(f)(3) establishes venue where records are presently maintained and administered, not

---

[4] Plaintiff states that records exist at the Office of Personnel Management "in holding for Disability" in Washington, D.C. but Plaintiff does not provide any affidavits in support of this statement.    Pl.'s Opp'n 1.    The fact that some records of undetermined relevance may exist in the District of Columbia does not establish that Plaintiff's relevant master records are maintained and administered in that location.    See Ridgley, 2006 U.S. Dist. LEXIS 13021, at *5 (finding that location of Equal Employment Opportunity records does not establish venue). Furthermore, Defendant provided declarations that are sufficient to establish the location of Plaintiff's employment records for venue purposes.

where they were at the time of the alleged conduct); <u>but see</u> <u>Saran</u> <u>v. Harvey</u>, No. 04-1847, 2005 U.S. Dist. LEXIS 8908, at *11 (D.D.C. May 9, 2005)(venue is determined where records were administered and maintained at the time of the alleged unlawful conduct and not where they are presently archived). According to Defendant's declarations, however, Plaintiff's records were not located in the District of Columbia during the time of the alleged conduct, and are not presently located here. Accordingly neither interpretation of § 2000e-5(f)(3)'s second venue provision establishes venue in the District of Columbia.

## III. Transfer of the Entire Complaint to the District of Maryland Is in the Interest of Justice

When venue is improper, the Court may, "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2006). "Generally, the 'interest of justice' requires courts to transfer cases to the appropriate judicial district, rather than dismiss them." <u>Robinson</u>, 2005 U.S. Dist. LEXIS 9491, at *7; <u>see also</u> <u>Ridgley</u>, 2006 U.S. Dist. LEXIS 13021, at *5. Even when venue is proper, the Court may transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006); <u>see</u> <u>Mikkilineni v. Penn Nat'l Mut. Cas. Ins. Co.</u>, 271 F. Supp. 2d 142, 150 (D.D.C. 2003).

As discussed <u>supra</u>, venue is proper in Maryland, and improper

in the District of Columbia, for Plaintiff's Title VII and Rehabilitation Act claims. It is therefore in the interest of justice to transfer those claims to the District of Maryland, rather than dismiss them.

Moreover, even if venue is proper in the District of Columbia for Plaintiff's FMLA claim, it is in the interest of justice to transfer that claim along with his Title VII and Rehabilitation Act claims because all of his claims arise out of the same set of circumstances and involve the same set of witnesses. Venue for Plaintiff's FMLA claim is proper in the District of Maryland because a substantial portion of the events giving rise to the Complaint occurred in the District of Maryland. See 28 U.S.C. § 1391(e) (2007). Consequently, it is in the interest of justice and judicial efficiency to transfer an entire complaint instead of having it heard in two different venues. Crenshaw v. Antokol, 287 F. Supp. 37, 43 (D.D.C. 2003) (quoting In re O'Leska, No. 00-5339, 2000 U.S. App. LEXIS 35401, at *1 (D.C. Cir. Dec. 7, 2000)(per curiam)).[5]

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or, in the Alternative, to Transfer [Dkt. No. 11] is **granted** and the

---

[5] In his Opposition, Plaintiff also requests that the Court appoint a lawyer for him. Because the case is being transferred to the District of Maryland, that matter is more appropriately resolved in that jurisdiction.

case will be transferred to the United States District Court for the District of Maryland.

An Order will issue with this opinion.


July 16, 2007                    /s/
                                 Gladys Kessler
                                 United States District Judge


**Copies to**: **attorneys on record via ECF**